IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRISTY SCHULTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 10-cv-0210-MJR-CJP |
| | ) |
| ICE CREAM TREATS, LLC, | ) |
| DREYER'S GRAND ICE CREAM, INC., | ) |
| EDY'S ICE CREAM, INC., and | ) |
| STEVEN EVANS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER ON THRESHOLD REVIEW

REAGAN, District Judge:

On June 11, 2006, Kristy Schultz was driving a 1998 Oldsmobile eastbound on Interstate 70 in St. Louis County, Missouri. Steven Evans, employed by Edy's Ice Cream, also was traveling eastbound on I-70, driving a 2006 Freightliner which collided with Schultz's car. On March 17, 2010, Schultz filed a personal injury negligence suit in this United States District Court seeking damages for severe and permanent injuries sustained as a result of the accident.

Schultz names four Defendants – one limited liability company or LLC (Ice Cream Treats, LLC), two corporations (Dreyer's Grand Ice Cream, Inc. and Edy's Ice Cream, Inc.), plus one individual (Evans). She invokes subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332. Her complaint indicates that the amount in controversy is met but lacks other

information necessary for this Court to verify that subject matter jurisdiction lies.  More specifically, the complaint fails to disclose the citizenship of three of the four named Defendants.

The pleadings reveal that Plaintiff is an Illinois citizen and Defendant Evans is a Missouri citizen.  But only half the picture is painted as to the two corporate Defendants.

As to <u>Edy's Ice Cream, Inc.</u>, the Court is told that Edy's "is believed to be a California corporation" (i.e., incorporated in California) "doing business in the State of Missouri" (a fact largely irrelevant to the jurisdictional inquiry). Nothing is stated as to Edy's principal place of business – the second of two critical aspects of corporate citizenship under § 1332(c)(1).  The same information is disclosed *and omitted* as to <u>Dreyer's Grand Ice Cream, Inc</u>.  We are told that Dreyer's is a California corporation doing business in the State of Missouri.  Nothing is revealed as to the principal place of business of Dreyer's, a key aspect of its corporate citizenship.

Even less information is provided as to <u>Ice Cream Treats, LLC</u>.  For purposes of assessing diversity jurisdiction, the citizenship of an LLC is the citizenship of *each of its members*.  **Hukic v. Aurora Loan Services, 588 F.3d 420, 427 (7th Cir. 2009); Camico Mut. Ins. Co. v. Citizens Bank, 474 F.3d 989, 992 (7th Cir. 2007),** *citi***ng Wise v. Wachovia Securities, LLC, 450 F.3d 265, 267 (7th Cir.),** *cert. denied***, 549 U.S. 1047 (2006).**

Here, Schultz's complaint does not disclose the members of the LLC or their states of citizenship. The United States Court of Appeals for the Seventh Circuit has expressed displeasure at incomplete and incorrect jurisdictional allegations. In **Wise**, **450 F.3d at 267**, the Court remarked that the lack of diligence about jurisdiction "besides being unprofessional, is … disturbing." Similarly, in **Belleville Catering Co. v. Champaign Marketplace, LLC, 350 F.3d 691, 692 (7th Cir. 2003)**, the Seventh Circuit emphasized:

> Once again, litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money....
>
> Both sides ... must share the blame for assuming that a limited liability company is treated like a corporation.... It is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary.... Lawyers ... must investigate rather than assume jurisdiction; to do this, they first must learn the legal rules that determine whose citizenship matters (as defendant's lawyers failed to do).

Ascertaining that subject matter jurisdiction lies is the Court's first duty in every newly-filed or freshly-removed case. **Winters v. Fru-Con, Inc., 498 F.3d 734, 740 (7th Cir. 2007).** Before the Court can reach any other question or even "track" this case, Plaintiff (who sought this federal forum) must furnish the facts needed to verify jurisdiction.

Accordingly, the Court **DIRECTS** Plaintiff's counsel to file a First Amended Complaint which clearly identifies every state(s) of citizenship of each

party to this action.  The Amended Complaint shall be filed by **May 26, 2010**.

The Court **DENIES** (as premature)[1] Defendants' motion to dismiss or transfer for improper venue (Doc. 12) and **DENIES** (as moot) Defendants' motion for additional time to file motion challenging venue (Doc. 11).  When Plaintiff files the amended complaint, Defendants may direct appropriate and timely pleadings to that complaint.  However, it would be helpful if Plaintiff would include in the amended complaint the **specific basis for venue** in the Southern District of Illinois.  The basis for venue under 28 U.S.C. § 1391(a) is not readily apparent from review of the original complaint.

IT IS SO ORDERED.

DATED April 27, 2010.

> s/ *Michael J. Reagan*
> Michael J. Reagan
> United States District Court

---

[1] Even though Plaintiff consented to Defendants filing a responsive pleading up through April 26th (explaining why defense counsel sought leave to file a motion *and* simultaneously filed it, see Docs. 11-12), counsel should have secured leave *before* filing the motion to dismiss/transfer, if that motion actually was being filed out of time.